**Roger Paul BURNS, Appellant–Respondent,**

v.

**Cheryl Baxter BURNS, Respondent–Appellant.**

**Nos. WD 61007, WD 61008.**

Missouri Court of Appeals, Western District.

Sept. 30, 2003.

Rehearing Denied Nov. 25, 2003.

Susan E. Long, Liberty, MO, for Appellant-Respondent.

James T. Cook, Kansas City, MO, for Respondent-Appellant.

Before LOWENSTEIN, P.J., and SMART and EDWIN H. SMITH, JJ.

#### Order

PER CURIAM.

Roger Paul Burns (Husband) appeals the judgment of the Circuit Court of Clay County dissolving his marriage to Cheryl Baxter Burns (Wife), challenging the court's awards of maintenance, child support, and attorney's fees, as well as its division of marital property. Wife cross-appeals, challenging the trial court's maintenance award and division of marital property and debts.

Husband raises five points on appeal. In Point I, he claims that the trial court erred in awarding Wife maintenance of $1,000 per month because its requisite finding, under § 452.335.1, that she "lack[ed] sufficient property, including

---

**1.** SCI Environmental, Inc., a defendant herein, filed a motion to dismiss which was taken with the case; the motion is denied.

marital property apportioned to [her], to provide for her reasonable needs; and … [was] unable to support [herself] through appropriate employment," was against the weight of the evidence. In Point II, he claims that the trial court erred in awarding him only $100 per month in child support based on its finding that respondent had gross monthly income of $2333, because its finding was not supported by the evidence, and erroneously declared and applied the law. In Point III, he claims that the trial court erred in dividing the parties' marital property because "it failed to consider [Wife's] squandering of marital assets." In Point IV, he claims that the trial court erred in finding and ordering him to pay a marital debt of $35,000 to Wife's father, John Baxter, because it was not supported by the evidence "in that [Husband] detailed that no money was owed Mr. Baxter." In Point V, he claims that the trial court erred by awarding Wife attorney's fees of $15,000 because it was not supported by the evidence in that "each party had received $15,000.00 from a joint bank account to pay their (sic) attorney's fees."

Wife raises five points in her cross-appeal. In Point I, she claims that the "trial court erred by awarding an inadequate amount of maintenance because it failed to consider Wife's income and expenses in that the amount of maintenance awarded does not allow Wife to meet her reasonable needs, including payment of debts." In Point II, she claims that "[t]he Trial Court erred in its award of maintenance to Wife because it failed to award retroactive maintenance from August, 2000 in that an award of maintenance may be made retroactive to the date of filing a motion for temporary maintenance." In Point III, she claims that "[t]he Trial Court erred in its division of the marital property because it failed to include and divide all marital debt as part of the division of property in

that the trial court must divide all marital property and debt." In Point IV, she claims that the "trial court erred in its division of the marital property because it failed to properly value the marital home [Wife's home in Texas] in that it awarded [Wife] home equity that was not supported by the evidence." In Point V, she claims that the "trial court erred in its division of the marital property because it failed to award [Wife] an equitable share of the marital estate in that the court failed to consider the economic circumstances of both parties and failed to consider Husband's marital misconduct."

Affirmed. Rule 84.16(b).